SORBER *v.* WIGGINS, SUPT. MISSISSIPPI STATE PENITENTIARY, et al.

No. 40184          February 8, 1956          85 So. 2d 479

*R. M. Allen,* Indianola; *R. D. Everitt,* Ruleville, for appellant.

*Joe T. Patterson,* Attorney General, Jackson, for appellee.

Roberds, P. J.

On February 3, 1956, Minor Sorber presented to the Honorable Arthur Jordan, Circuit Judge, a petition for writ of habeas corpus. The petition, for the reasons hereinafter set out, prays for his discharge from the State penitentiary, where he is now confined, and also prays for his discharge from the crime of murder, under which he is being held by the penitentiary authorities. The petition was denied by the learned circuit judge and petitioner has appealed to this Court.

We advanced the hearing of the cause to this date. Briefs have been filed both by petitioner and the State, and oral argument is not requested by either party.

The petition, by its own words, states that the grounds for relief are the same as the grounds set forth in the petition for habeas corpus in the case of William A. Wetzel v. Marvin Wiggins, Superintendent of the Mississippi State Penitentiary, et al., No. 40,176 with two exceptions:

First: That Wetzel had made no election as to his manner of execution, whereas petitioner here has elected to be put to death by administration of gas instead of electricity if he is executed; and, second, that in the petition under consideration is not asserted, that applicant Sorber was convicted upon perjured testimony, as was contended by Wetzel.

On yesterday, February 6, 1956, this Court handed down an opinion denying the petition of Wetzel. That decision is controlling on us, so far as applicable, to the petition now being considered. Therefore, the action of the circuit judge in denying the petition for writ of habeas corpus is affirmed.

It follows that the application for stay of execution by this Court, under the issues and proceedings now confronting us, is hereby denied.

All Justices concur, except Kyle, J., who took no part.

GILLESPIE, J., specially concurring.

I concur in the foregoing opinion.

My purpose in writing this opinion is to express my views in connection with appellant's application for a stay of execution pending appeal to the Supreme Court of the United States, which subject was informally discussed in conference since that application was pending before the Chief Justice. A majority of the judges thought the stay should be granted. Judges Lee and Hall thought it should not be granted. The following are my views:

1. Federal statutes govern appeals to the Supreme Court of the United States.

2. Federal statutes provide for a stay of execution pending the perfection of an appeal to the United States Supreme Court; and it may be granted by a judge of this Court or a Judge of the Supreme Court of the United States.

3. An appeal from this Court to the Supreme Court of the United States is a matter of right when a federal question is involved. A federal question is involved in this case.

4. The granting of the stay is within the discretion of the judge to whom it is presented. It is considered the duty to grant the stay when the appeal is on the merits; for to deny the stay is to deny the appeal when the sentence is death.

5. This is an appeal from a denial of a petition for a writ of habeas corpus. The troublesome question is when does a case end. Save in exceptional cases, I am opposed to stays of execution based on extraordinary writs after the case has been appealed and decided on the merits. I think the practice in such cases should be that where the judge to whom the petition for stay has been presented is of the opinion that a substantial federal question is involved, the stay should be granted; and it

is the duty of the judge so to do. If the appeal is frivilous, and if the judge who has the matter under consideration is of the opinion that the appeal is simply to delay the execution, the stay should be denied.

6. Reasonable minds could differ in the instant case whether this is a frivilous appeal, or whether the appeal is for delay in carrying out the execution.

7. I think that there is no merit in this appeal; that its sole purpose is to delay the execution.

*Hall* and *Lee,* JJ., concur.